UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| AMANDA HENRY, | ) |
| | ) |
| *Petitioner*, | ) |
| v. | ) Nos. 3:08-cv-259 /3:05-cr-124 |
| | ) |
| UNITED STATES OF AMERICA | ) *Judge Jordan* |
| | ) |
| *Respondent*. | ) |

## **MEMORANDUM OPINION**

Petitioner Amanda Henry has made a *pro se* motion for post-conviction relief

under 28 U.S.C. § 2255, challenging her conviction for conspiracy to distribute more

than 50 grams of crack cocaine, [Doc. 307 in the Criminal Case Files]. For this

offense, to which she pled guilty, Henry was sentenced to 96 months in prison. The

United States has filed a response to the § 2255 motion and Henry a reply to that

response, [Docs. 315, 320]. The matter is now ripe for disposition.

The Court has determined that the response, transcripts, and record of prior

proceedings in the case conclusively establish that Henry is not entitled to relief under

§ 2255 and, therefore, no evidentiary hearing is necessary. Rule 8(a) of the Rules

Governing Section 2255 Proceedings in the United States District Courts. For the

reasons which follow, the Court finds that this motion should be **DENIED**.

## I.  Standard of Review

Title 28 United States Code § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Henry bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). She likewise bears the burden of articulating sufficient facts to state a viable claim for relief under 28 U.S.C. § 2255. Henry's motion to vacate may be dismissed if it only makes vague conclusory statements, unsubstantiated by allegations of specific facts, and thereby fails to state a claim cognizable under

2

§ 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

## II.  Facts and Procedural History

The underlying facts are contained in the Factual Basis filed as support for Henry's guilty plea and were also iterated during the plea entry proceedings, [Docs. 209-210 and 312, Plea Hr'g Tr. at 9-10]. From at least 1995 to October, 2005, Henry conspired with Jamie Ivan Henry and others to distribute cocaine hydrochloride and "crack" cocaine. Henry obtained cocaine powder from sources of supply in Atlanta, Georgia, and elsewhere, and arranged to transport it to the Eastern District of Tennessee. At times, she stored cocaine hydrochloride in residences in Atlanta, Georgia, and other locations from which multiple-kilogram quantities of cocaine hydrochloride would be sold by coconspirators and/or transported to this district. Henry knew that certain coconspirators, and others as well, were obtaining quantities of cocaine hydrochloride and cocaine base to sell to their customers in this district; she also delivered cocaine to customers at several locations in this district; and she, further, possessed a .38-caliber pistol at times during the delivery and sale of cocaine.

Following Henry's plea to the conspiracy, a Presentence Report ("PSR") was ordered and provided to the parties, [PSR at ¶ 32]. The probation officer found that Henry's base offense, as established in USSG §2.D1.1, was 32 and with two extra

3

points added for possession of a firearm under USSG § 2.D1.1(b)(2) (now USSG § 2.D1.1(b)(1)), and a two level reduction for acceptance of responsibility, yielded a total offense level of 32. Based upon a total offense level of 32 and a criminal history category of I, Henry's guideline range was 121 months to 151 months. Also, Henry was subject to a statutory mandatory minimum sentence of ten years.

Neither Henry nor the United States filed objections to the PSR. On August 29, 2007, the United States filed a motion pursuant to USSG § 5K1.1 for a downward departure based upon Henry's substantial assistance. The motion was granted; Henry was sentenced, on September 6, 2007, to a 96-month term of imprisonment; and judgment was entered four days later. No notice of appeal was filed, and she was unsuccessful in her pursuit of resentencing under the retroactive crack cocaine amendment to the Sentencing Guidelines, [Docs. 302, 329]. On September 8, 2008, Henry filed this "Motion 2255 for Ineffective Counsel," asserting, as the label suggests: a claim of effective assistance of counsel in the entry of a plea that was only partly knowing and voluntary.[1]

---

[1] In her reply, [Doc. 320 at 1, "Fact 2"], Henry disclaims that she is attempting to withdraw her plea, but indicates that she is only objecting to the section of the plea which "caused her to erroneously admit to behavior . . . which was not a part of her conduct. In short her plea, only in respect to the firearm, was not 'knowing,' nor voluntary," [Doc. 307, Attachment 1 at 5]. A guilty plea, under the relevant authorities, is either wholly valid or invalid or wholly constitutional or unconstitutional—not somewhere in between.

4

## III. Discussion

Attorney Jonathan S. Wood was appointed by the Magistrate Judge to represent Henry but, shortly thereafter, she retained Barbara Clark as her counsel. Henry has no complaint about Wood, but she does charge that Clark failed to advise her adequately about "an enhanced plea" which caused Henry to receive a sentence "much more crippling and extensive that she reasonably expected in concern to the plea negotiations," [Doc. 307, Attachment 1 at 2]. Henry's position is based on several arguments.

First, she insists that, for many years, the gun underlying the enhancement was actually possessed by someone else, [*Id.* at 3, Doc. 320, Petr.'s Reply at 3]. Second, she asserts that she did not review or read the plea agreement and only signed it after Clark read it and, without informing her client about the weapon enhancement, indicated where Henry was supposed to sign the document, [Doc. 320, Petr.'s's Reply at 4].

Furthermore, Henry maintains that, at no time, did she carry a gun during the delivery and sale of cocaine, nor did she admit to such conduct. Indeed, Counsel Clark told her that the prosecution would make concessions with regard to her sentence, but only if she "admitted to an acknowledgment of having owned a firearm," [Doc. 307 at 1]. Thus, Henry contends that, as she understood the plea

5

negotiations, she was only admitting that the weapon was registered in her name, not that she had it with her during her drug dealing, [*Id.*] Even at sentencing, according to Henry, she remained unaware of the firearm enhancement and, indeed, only became aware of it when she reviewed her PSR while serving her sentence of incarceration.

Henry's specific contentions against Clark are that she did not inform her that the weapon enhancement, based on her plea agreement, would result in a higher security classification in prison and subject her to other disabling circumstances, such as precluding her from obtaining a furlough or receiving credit for successful completion of the Bureau of Prisons drug treatment program, under 18 U.S.C. § 3621. Clark's purported shortcomings violated Henry's Sixth Amendment's right to the effective assistance of counsel, so Henry alleges.

The United States, in its response, argues that the record contradicts Henry's claims. Respondent points, as an example, to the written plea agreement and suggests that it sufficed to inform Henry that she was subject to the weapon enhancement, even if Clark did not so advise her. Moreover, the government insists that what occurred during the plea hearing—stating the factual basis and maximum penalty for the offense by the United States' attorney; the Court's advice that the plea could not be withdrawn even if Henry was dissatisfied with her sentence; and her responses during

6

the plea colloquy—indicates that her plea was valid. The government further maintains that, had Henry gone to trial and been convicted, the enhancement would still have applied; therefore, the enhancement was irrelevant to her decision as to whether to stand trial or enter a plea.

## A. The Controlling Law

Henry's claims of an invalid guilty plea and ineffective assistance of counsel are interconnected. The law which governs these claims is well established. A guilty plea, entered by defendant who is "fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats, misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Mabry v. Johnson*, 467 U.S. 504, 509 (1973). A defendant "need only be aware of the direct consequences of the plea, however; the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir.1994).

Once a guilty plea has been entered, the criminal defendant thereafter may only attack the voluntary and intelligent character of the guilty plea by showing the advice

7

received from counsel was not within a reasonable competency standard. As the Supreme Court stated:

> We hold that after a criminal defendant pleads guilty, on the advice of counsel, . . [t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea. . . . If a prisoner pleads guilty on the advice of counsel, [s]he must demonstrate that the advice was not within the range of competence demanded of attorneys in criminal cases. . . . [Sh]e may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [s]he received from counsel was not within the standards . . . .

*Tollett v. Henderson*, 411 U.S. 258, 266-267 (1973).

The test for determining when assistance of counsel is constitutionally ineffective is two-pronged. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show her counsel's errors were so egregious as to render counsel's performance constitutionally deficient – that is, outside the "wide range of professional assistance." *Id.* at 687; *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996). The alleged errors or omissions must be evaluated from counsel's perspective at the time the conduct occurred and under the circumstances of the particular case. *Strickland*, 466 U.S. at 689. A reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 694.

Second, a petitioner must establish "prejudice," by showing that there is a reasonable probability that, but for counsel's professional errors, she would not have pled guilty but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52,

8

59 (1985); *see also United States v. Cottage*, 307 F.3d 494, 500 (6th Cir. 2002). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome, but it is less than a preponderance of the evidence. *Strickland*, 466 U.S. at 694. Unless there is a likelihood of a successful defense to the charge, no alleged error by counsel is a basis for relief. *Hill*, 474 U.S. at 59. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). A failure to show prejudice, even if a deficient performance is assumed, will doom a claim of ineffective assistance. *Strickland*, 466 U.S. at 693-94. A petitioner alleging ineffective assistance of counsel bears a heavy burden of proof. *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006).

B. Analysis

Henry's plea agreement contains this provision: "The parties agree that defendant is subject to the two-level enhancement pursuant to U.S.S.G. § 201.1 (b)(2) for possession of firearms in connection with the drug trafficking offense to which defendant is pleading," [Doc. 209, Plea Agreement at 2, ¶ f]. Furthermore, the plea document, signed by Henry, acknowledged that the Factual Basis was made an integral part of the agreement.

9

During the Rule 11 colloquy, Henry acknowledged, under oath, that she had read and signed the plea agreement, that her attorney had explained the terms of the plea agreement and that she understood the terms of her plea agreement. She acknowledged that she had been advised by her attorney as to the nature and meaning of the charges against her and as to the elements of the offense which must be proven by the government beyond a reasonable doubt to obtain a conviction. Henry also acknowledged that she was satisfied with counsel's advice and representation. The government then summarized the Factual Basis, which contained the above stipulation to the two-level enhancement for the firearm, and Henry acknowledged, once again under oath, that she agreed with the Factual Basis.

Finally, she stated that she had not been forced or pressured into entering a guilty plea, that her decision to plead was voluntary and, finally, that she was pleading guilty because she, in fact, was guilty. Thereafter, the Court found that Henry was in full possession of her faculties and was competent to plead guilty, that she was doing so knowingly and voluntarily, and that she understood the plea agreement made on her behalf.

It is well-settled that where a court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting

*Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)); *see also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice"). Therefore, since the Court painstakingly followed the Rule 11 requirements, Henry's responses confirm, as the Court has already determined, that her plea is constitutionally sound.

Secondly, direct circumstances of which a criminal accused must be informed are described as "definite, immediate, and automatic," *King*, 17 F.3d at 154-55, whereas the circumstances to which Henry points are not of this character. "A collateral consequence is one that remains beyond the control and responsibility of the district court in which that conviction was entered." *El-Nobani v. United States*, 287 F.3d 417, 421 (6th Cir. 2002) (citation and internal quotation marks omitted), *abrogated on other grounds by Padilla v. Kentucky*, 130 S.Ct. 1473 (2010).[2] A

---

[2] Courts have found the following to be collateral consequences: revocation of a pilot's license, *Kratt v. Garvey*, 342 F.3d 475, 485 (6th Cir. 2003); civil forfeiture, *United States v. U.S. Currency in the Amount of $228,536.00*, 895 F.2d 908, 914-15 (2d Cir.1990); parole ineligibility, *Brown v. Perini*, 718 F.2d 784, 788-89 (6th Cir.1983), *but see* Hill, 474 U.S. at 60 (declining to address whether incorrect advice as to parole eligibility amounts to a deficient performance because allegations did not show "prejudice"); loss of citizenship, loss of passport, and freedom to travel outside the area, *Meaton v. United States*, 328 F.2d 379, 380 (5th Cir. 1964); an undesirable discharge from the military, *Redwine v. Zuchert*, 114 U.S. App. D.C. 130, 317 F.2d 336, 338 (1963); the right to vote in some states, *United States v. Cariola*, 323 F.2d 180 (3d Cir. 1963); and not seeing one's children, as well as the difference between information and indictment pleas, *Bautista v. United States*, 1992 WL 42196, *3-*4 (S.D.N.Y. Feb. 27, 1992).

prison furlough, a security classification, and credit for a drug treatment program are beyond the Court's control and responsibility. Such matters lie within the bailiwick of the BOP, and in essence, are consequences collateral to Henry's conviction. Counsel had no duty to inform Henry of every possible one of them. *See King*, 17 F.3d at 153.

Even if the Court were not obliged to strongly presume that counsel rendered adequate assistance, *Strickland*, 466 U.S. at 689-90, and if Clark's failure to advise Henry as to the circumstances she might confront in prison fell outside "the wide range of reasonable professional assistance" and amounted to a deficiency of performance, no relief would be warranted. That is because Henry has demonstrated no prejudice.

It is not enough that Henry has made a bare contention that, but for counsel's failure to give her the advice she insists was constitutionally required, she would have gone to trial rather than plead guilty. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995) (insufficient for petitioner to merely assert that, but for counsel's error, she would have pleaded not guilty and gone to trial). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in h[er] *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v.*

12

*Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983). To demonstrate a reasonable probability that she would have gone to trial, a petitioner "must do more than simply allege 'that [s]he would have insisted on going to trial'; [s]he must also come forward with objective evidence that [s]he would not have pled guilty." *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005). No such proof has been presented.

Moreover, Henry was charged in Counts One and Nine in the Superseding Indictment, but pled only to the first count, with the remaining count, upon the government's motion, being dismissed as specified in the plea agreement, [Doc. 209, Plea Agreement at 2, ¶ b]. Had she gone to trial, she would have faced an additional count of drug trafficking and, had she been convicted for that drug offense, she would be faced with the penalties imposed for that conviction.

Lacking anything concrete to indicate that Henry had any sort of defense to those charges or otherwise suffered prejudice, the Court finds that Henry did not receive ineffective assistance. Henry's claim to the contrary has no merit.

## IV. Conclusion

For the reasons set forth above, the Court now holds that Henry's conviction and sentence were not in violation of the Constitution or laws of the United States. Accordingly, her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** and this case **DISMISSED**. The issuance of this

13

decision has rendered moot Henry's later motion for release pending a decision in her § 2255 case, [Doc. 343]. Therefore, the motion for release likewise will be **DENIED**.

The Court must decide now whether a certificate of appealability ("COA") should be granted. A COA should issue if Henry has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, (2000). *Id.*

Under *Slack*, to warrant a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined Henry's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of her claims was debatable or wrong. Therefore, the Court will deny Henry a COA.

A separate order will enter.

LEON JORDAN
UNITED STATES DISTRICT JUDGE

14